UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RUSTIC STEEL CREATIONS, INC.

        Debtor.

_____/

Case No: 8:19-bk-4467-CED

Chapter 11

## DEBTOR'S OMNIBUS OBJECTION TO SCHEDULED CLAIMS

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within **thirty (30) days** from the date set forth on the attached proof of service, plus an additional three days for service, if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney, if you have one. If the paper is an objection to your claim in the bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at **Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, and serve a copy on the movant's attorney, Daniel E. Etlinger, Jennis Law Firm, 606 E. Madison Street, Tampa, Florida 33602 and any other appropriate persons** within the time allowed. If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

### NOTICE TO CLAIMANTS

This notice is given in accordance with Bankruptcy Rule 3007(e)(1). If the name of your company appears on the chart found on the attachment, the Debtor has objected to a claim that was listed by the Debtor in its schedules filed in the bankruptcy case. Please carefully review the chart to locate your claim and the amounts being objected to herein.

Rustic Steel Creations, Inc. ("Debtor"), by counsel and pursuant to Rule 3007(e) of the Federal Rule of Bankruptcy Procedures, hereby objects to the following scheduled claims, as these claims have been satisfied in accordance with an order entered by the Court or in the ordinary course of business. In support of this objection (the "Objection"), the Debtor states as follows:

1. On May 10, 2019, the Debtor filed a *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (Doc. No. 1) (the "Petition") for relief under chapter 11 of the Bankruptcy Code on May 10, 2019 (the "Petition Date").

2. No trustee or examiner has been appointed in this case.

3. During the pendency of this chapter 11 case, the Court authorized the payment of a number of creditors on account of prepetition claims through various orders including the following:

   a. **Utility Order**: On May 20, 2019, the Court entered an *Order Conditionally Approving Debtor's Motion for Order Pursuant to 11 U.S.C. §§ 105 and 366 (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services on Account of Pre-Petition Invoices, (II) Approving Proposed Form of Adequate Assurance of Payment, and (III) Establishing Procedure for Determining Requests for Additional Assurance of Payment* (Doc. No. 19) (the "Utilities Order"), authorizing the Debtor to pay any undisputed pre-petition utility expenses, among other things.

   b. **Wages Order**: On May 29, 2019, the Court entered an *Order Granting Debtor's Expedited Motion for Authorization to Pay Pre-Petition Wages and Salaries to Non-Insider Employees* (Doc. No. 24) (the "Wages Order"), authorizing the Debtor to pay employees pre-petition wages.

4. Furthermore, the Debtor had payments in transit between the drafting of the schedules and filing the Petition or made payments immediately following the *Order Authorizing Debtor-In-Possession to Operate Business* (Doc. No. 2) which it believed were authorized.

5. All of these payments have been disclosed on the Debtor's operating reports.

**6.** A review of the Debtor's books and records reflect that the following unsecured claims, scheduled on Schedule E and Schedule F, have been fully or partially paid, either in the ordinary course of business, were paid between the drafting of the schedules and the filing of the Petition, or after the Petition Date in accordance with the Bankruptcy Code, applicable rules, and court orders.

**7.** Accordingly, the Debtor respectfully requests that the Court enter an order sustaining this Objection to the claims as listed above and disallowing the scheduled claims in their entirety, or to the extent the scheduled claims have been satisfied.

**8.** To the extent any payments were not authorized given the makeup of the creditor body and the amounts involved the Debtor does not believe recovery is likely.

**9.** To the extent any claim is not disallowed in connection with this Objection, the Debtor reserves the right to object to any or all of those claims on alternative grounds.

WHEREFORE, the Debtor respectfully requests the entry of an order **(i)** sustaining this omnibus objection, **(ii)** disallowing the above listed scheduled claims in their entirety, or to the extend such claims have been satisfied, and **(iii)** granting such other and further relief as the Court deems appropriate.

DATED this 10th day of January, 2020.

                                            */s/ Daniel E. Etlinger*
                                            David S. Jennis
                                            Florida Bar No. 775940
                                            Daniel E. Etlinger
                                            Florida Bar No. 77420
                                            **Jennis Law Firm**
                                            606 E. Madison Street
                                            Tampa, FL 33602
                                            Telephone: (813) 229-2800
                                            Email: djennis@jennislaw.com
                                                                           detlinger@jennislaw.com
                                            *Counsel for Debtor*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic service to the **United States Trustee**, 501 East Polk Street, Timber Lake Annex, Suite 1200, Tampa, Florida 33602; to those parties receiving notice via CM/ECF in the ordinary course of business; and via US Mail, postage prepaid on January 10, 2020 to:

- Bertetto, Christopher, 3919 N. Highland Avenue, Tampa, FL 33603;
- Blue Grace Logistics, Dept. 108, PO Box 4964, Houston, TX 77210;
- Caldwell, Steven, 3919 N. Highland Avenue, Tampa, FL 33603;
- Candy Coated Customs, 2515 71st Street N., Building A, Tampa, FL 33603;
- City of Tampa Utilities, PO Box 30191, Tampa, FL 33630;
- Colonia Life Insurance, PO Box 1365, Columbia SC 29202;
- FDOT Turnpike Enterprise, PO Box 613069, Ocoee, FL 34761;
- Foremost Insurance Group, PO Box 0915, Carol Stream, IL 60132;
- GG Markers, PO Box 47625, Tampa, FL 33646;
- Godines, Nashely, 3919 N. Highland Avenue, Tampa, FL 33603;
- Internal Revenue Service, Attn. Mary Freeland, Bankruptcy Specialist, 801 Broadway M/S MDP 146, Nashville, TN 37203;
- Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346;
- United States Department of Justice, PO Box 14198, Washington DC 20044;
- Internal Revenue Service, c/o Office of the U.S. Attorney, Attn: Civil Process Clerk, 400 N. Tampa Street, Suite 3200, Tampa, FL 33602;
- Lease Finance Group, LLC, 419 East Main Street, Middletown, NY 10940;
- Mejia, Jorge, 3919 N. Highland Avenue, Tampa, FL 33603;
- Morris, Brian, 3919 N. Highland Avenue, Tampa, FL 33603;
- Phillips, Jessica, 3919 N. Highland Avenue, Tampa, FL 33603;
- Paycor, 3000 Bayport Drive, Suite 750, Tampa, FL 33607;
- Prime Rate Finance Corp, PO Box 580016, Charlotte, NC 28258;
- Railroad & Industrial Credit Union, 3710 N. 50th Street, Tampa, FL 33619;
- Sherwin-Williams Co., 4835 W. Hillsborough Avenue, Tampa, FL 33614;
- Spectrum Business, PO Box 31710, Tampa, FL 33631;
- Swann Transportation Services, 722 WSW Loop 232, Suite 200, Tyler, TX 75701;
- Tampa Steel Supply, 1301 N. 26th Street, Tampa, FL 33605;
- Tampa Well Drilling, Inc., 12704 N. Nebraska Avenue, Tampa, FL 33612;
- Truly Nolan, 4842 N. Florida Avenue, Tampa, FL 33603;
- Universal Canvas Hyde Park Awning, 916 East 109th Avenue, Tampa, FL 33612;
- Velez, Ethan, 3919 N. Highland Avenue, Tampa, FL 33603;
- Verizon, PO Box 660108, Dallas, TX 75266;
- Walker, Scott, 3919 N. Highland Avenue, Tampa, FL 33603; and
- Yoursip Telecom, 402 Tampa Road, Palm Harbor, FL 34683.

                */s/ Daniel E. Etlinger*
                Daniel E. Etlinger

| CREDITOR | NATURE OF CLAIM | SCHEDULED AMOUNT | BALANCE OF CLAIM OWED | BASIS FOR OBJECTION |
|---|---|---|---|---|
| Bertetto, Christopher | Wages | $458.24 | $0.00 | Paid Pursuant to Wages Order |
| Blue Grace Logistics | Trade Payable | $269.16[1] | $0.00 | Paid Pursuant to DIP Order |
| Caldwell, Steven | Wages | $165.75 | $0.00 | Paid Pursuant to Wages Order |
| Candy Coated Customs | Trade Payable | $200.00 | $0.00 | Paid Pursuant to DIP Order |
| Colonial Life Insurance | Insurance | $590.88 | $0.00 | Paid Pursuant to DIP Order |
| FDOT Turnpike Enterprise | Trade Payable | $34.68 | $0.00 | Paid Pursuant to DIP Order |
| Foremost Insurance Group | Insurance | $2,658.50 | $0.00 | Paid Pursuant to DIP Order |
| GG Markers | Trade Payable | $520.00 | $0.00 | Paid Pursuant to DIP Order |
| Godines, Nashely | Wages | $320.00 | $0.00 | Paid Pursuant to Wages Order |
| IRS | Tax Lien | $47,213.96 | $29,492.82 | Paid Pursuant to DIP Order |
| Jassa Ventures | Trade Payable | $425.25 | $0.00 | No Balance on Petition Date |
| Lease Finance Group, LLC | Trade Payable | $85.09 | $0.00 | Paid Pursuant to DIP Order |
| Mancini, Michelle | Trade Payable | $1,610.96 | $0.00 | No Balance on Petition Date |
| Mead Industrial Coatings | Trade Payable | $343.02 | $0.00 | No Balance on Petition Date |
| Mejia, Jorge | Wages | $390.00 | $0.00 | Paid Pursuant to Wages Order |
| Morris, Brian | Wages | $456.00 | $0.00 | Paid Pursuant to Wages Order |
| Notice to Owner | Trade Payable | $48.60 | $0.00 | No Balance on Petition Date |
| Paycor | Trade Payable | $196.75 | $0.00 | Paid Pursuant to DIP Order |
| Phillips, Jessica | Wages | $316.00 | $0.00 | Paid Pursuant to Wages |

---

[1] Amount owed on the Petition Date was $113.02.

| | | | | |
|---|---|---|---|---|
| | | | | Order |
| Prime Rate Finance Corp. | Insurance | $988.47 | $0.00 | Paid Pursuant to DIP Order |
| Propane Ninja | Trade Payable | $105.93 | $26.85 | Incorrect Amount Scheduled |
| Railroad & Industrial Credit Union | Trade Payable | $200.00 | $0.00 | Paid Pursuant to DIP Order |
| Sherwin-Williams Co. | Trade Payable | $17.89 | $0.00 | Paid Pursuant to DIP Order |
| Spectrum Business | Utilities | $126.85 | $0.00 | Paid Pursuant to Utilities Order |
| Stewart Stainless Supply, Inc. | Trade Payable | $156.15 | $0.00 | No Balance on Petition Date |
| Sunpass | Trade Payable | $143.53 | $0.00 | No Balance on Petition Date |
| Swann Transportation Services | Trade Payable | $988.00 | $0.00 | No Balance on Petition Date |
| Tampa Steel Supply | Trade Payable | $45.50 | $0.00 | No Balance on Petition Date |
| Tampa Well Drilling, Inc. | Trade Payable | $878.06 | $0.00 | Paid Prior to Petition Date |
| Truly Nolen | Trade Payable | $91.08 | $0.00 | No Balance on Petition Date |
| Universal Canvas Hyde Park Awning | Trade Payable | $700.00 | $0.00 | No Balance on Petition Date |
| Velez, Ethan | Wages | $190.00 | $0.00 | Paid Pursuant to Wages Order |
| Verizon | Utilities | $462.06 | $0.00 | Paid Pursuant to Utilities Order |
| Walker, Scott | Wages | $399.00 | $0.00 | Paid Pursuant to Wages Order |
| Yoursip Telecom | Utilities | $160.71 | $0.00 | Paid Pursuant to Utilities Order |